# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

BRAD J. GOLDBERGER,
an individual,

      Plaintiff,

v.

EQUIFAX INFORMATION
SERVICES LLC,
a foreign limited liability company,

      Defendant.
_____/

Case No.: 6:24-cv-00

## COMPLAINT

**COMES NOW**, Plaintiff, BRAD J. GOLDBERGER (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby files this Complaint against Defendant, EQUIFAX INFORMATION SERVICES LLC (hereinafter, "Defendant"). In support thereof, Plaintiff states:

## PRELIMINARY STATEMENT

1. This is an action brought by Plaintiff, an individual consumer, for damages for Defendant's violations of the Fair Credit Reporting Act, 15 United States Code, Section 1681 *et seq*. (hereinafter, the "FCRA") wherein Defendant failed to establish, maintain, and follow reasonable procedures to assure maximum possible accuracy in the preparation of credit reports and credit files published by Defendant following a discharge order entered in Plaintiff's bankruptcy case. More specifically, Defendant inaccurately, incompletely, and misleadingly credit reported numerous

1

tradeline accounts by failing to report the accounts as included in Plaintiff's bankruptcy case and failing to report Plaintiff's bankruptcy case.

2. Furthermore, this is an action for damages for Defendant's violations of the FCRA wherein Defendant wholly ignored—and failed to investigate—dispute letters Defendant received from Plaintiff demanding investigations and re-investigations of his public bankruptcy information and corresponding tradeline accounts as required by the FCRA.

## JURISDICTION, VENUE & PARTIES

3. Jurisdiction of this Court arises under 28 United States Code, Section 1331 as well as pursuant to the FCRA, 15 United States Code Section 1681 *et seq*.

4. Defendant is subject to the jurisdiction of this Court as Defendant regularly transacts business in this District.

5. Venue is proper in this District as the acts and transactions described herein originated and occurred in this District, Plaintiff filed his bankruptcy case in this District, and Plaintiff received a discharge order through his bankruptcy case in this District.

6. At all material times herein, Plaintiff is a natural person residing in Seminole County, Florida.

7. At all material times herein, Equifax is a foreign limited liability company existing under the laws of the state of Georgia, with its principal place of business located at 1550 W Peachtree Street, Atlanta, Georgia 30309.

## FCRA STATUTORY STRUCTURE

8.  Congress enacted the FCRA requiring consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information. *See* 15 United States Code, Section 1681b.

9.  Under the FCRA, whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates. *Id.* at § e(b) (emphasis added).

10. Under the FCRA, if a consumer disputes the completeness or accuracy of any item of information contained in a consumer's file, and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate—free of charge—and report the current status of the disputed information, or delete the item from before the end of the 30-day period beginning on the date on which the agency receives notice of the consumer's dispute. *Id.* at § i(a).

11. Under the FCRA, when a consumer reporting agency conducts any reinvestigation with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer. *Id.* at § i(a)(4).

12. Under the FCRA, if, after any reinvestigation of any information disputed by a consumer, an item of information is found to be inaccurate, incomplete,

or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation. *Id.* at § i(a)(5).

13.    Under the FCRA, after a furnisher of information receives notification pursuant to Section 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the furnisher shall: (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency pursuant to Section 1681i(a)(2) of this title; (C) report the results of the investigation to the consumer reporting agency; and (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis. *Id.* at § s-2(b).

14.    Under the FCRA, any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer: in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure; for statutory damages of not less than $100 and not more than $1,000; for such amount of punitive damages as the court may allow; and for the costs of the action together with reasonable attorneys' fees. *Id.* at § n.

15.    Under the FCRA, any person who is negligent in failing to comply with any requirement imposed with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer

4

as a result of the failure and the costs of the action together with reasonable attorneys' fees. *Id.* at § o.

## GENERAL ALLEGATIONS

16. At all material times herein, Plaintiff is an alleged "consumer" as defined by the FCRA, Section 1681a(c) because he is an individual and allegedly obligated to pay a debt.

17. At all material times herein, Defendant credit reports information concerning tradeline accounts furnished by:

 a. FNBO/First National Bank Omaha and referenced by account number ending -2775;

 b. Synchrony Bank/Pay Pal and referenced by account number ending -3780;

 c. Capital One Bank and referenced by account number ending -1009;

 d. Truist Bank and referenced by account number ending -1101;

 e. Flagship Credit Acceptance and referenced by account number ending -1001;

 f. Uplift, Inc. and referenced by account number ending -55;

(hereinafter collectively, the "Accounts" or the "Discharged Debts").

18. At all material times herein, Defendant is a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports.  Defendant

disburses such consumer reports to third parties under contract for monetary compensation.

19. At all material times herein, Defendant acts itself or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

20. All necessary conditions precedent to the filing of this action occurred, or Defendant waived or excused the same.

## FACTUAL ALLEGATIONS

## PLAINTIFFS' BANKRUPTCY CASE AND DISCHARGE ORDER

21. On or about January 22, 2023, Plaintiff filed a voluntary Chapter 7 bankruptcy case in the Middle District of Florida, Orlando Division, identified by case number 6:23-bk-00221 (hereinafter, "Bankruptcy Case").

22. Plaintiff listed the Accounts in his Bankruptcy Case and bankruptcy schedules as secured or unsecured creditors with respect to the Discharged Debts. Please see attached true and correct copies of relevant pages from Plaintiff's Chapter 7 Bankruptcy Petition labeled as Exhibit "A."

23. On or about April 18, 2023, the United States Bankruptcy Court entered an Order of Discharge (hereinafter, "Discharge Order") in Plaintiff's Bankruptcy Case.

24. As such, as of April 18, 2023, Plaintiff did not personally owe a balance to any creditors on the Discharged Debts—or the Accounts reported by Defendant — and the Discharge Order relieved Plaintiff from any personal financial liability regarding the Discharged Debts and/or Accounts.

## DEFENDANT'S CREDIT REPORTING OF THE ACCOUNTS

25. In July 2023, Plaintiff obtained a copy of his credit disclosure report from Defendant. Please see attached true and correct copies of relevant pages from Plaintiff's Equifax credit report labeled as Exhibit "B."

26. Notably, Defendant failed to report Plaintiff's Bankruptcy Case in the public records section of Plaintiff's credit report. *See* Ex. B at p. 17.

27. Additionally, on Plaintiff's report, Defendant failed to report any of Plaintiff's Discharged Debts as included in bankruptcy and instead reported the Accounts with a status of "Unavailable" and continued to report the Accounts with negative and derogatory payment history. I*d*. at pp. 4-16

28. Notably, Trans Union and Experian correctly reported Plaintiff's Bankruptcy Case and the Accounts after the Discharge Order was entered in Plaintiff's Bankruptcy Case.

## PLAINTIFF'S DISPUTES TO DEFENDANT UNDER THE FCRA

29. On or about August 4, 2023, Plaintiff sent a letter to Defendant, with the assistance of his attorney, disputing Defendant's reporting of the Accounts and Equifax's failure to report Plaintiff's Bankruptcy Case (hereinafter, "First Dispute"). Please see attached a true and correct copy of said First Dispute labeled as Exhibit "C."

30. More specifically, Defendant's First Dispute advised Defendant that Plaintiff filed his Bankruptcy Case, listed the Accounts in his Bankruptcy Case, and received a Discharge Order. *Id.*

7

31. Plaintiff also provided his current address, date of birth, and last four (4) digits of his social security number in his First Dispute.

32. Based on such information, Plaintiff's First Dispute provided sufficient information allowing Defendant to identify Plaintiff's credit file, advised that Plaintiff's Bankruptcy case should be reported in the public records section of Plaintiff's credit report and that Plaintiff's Discharged Debts (i.e., the Accounts) should be listed accordingly with a $0 balance due and marked as included in bankruptcy.

33. Defendant received Plaintiff's First Dispute.

34. Defendant failed to contact the furnishers of the Accounts, failed to conduct an investigation, failed to correct the erroneous reporting on Plaintiff's credit report, and failed to provide Plaintiff with any results regarding Plaintiff's First Dispute.

35. On or about September 26, 2023, Plaintiff obtained another copy of his disclosure report from Defendant. Please see attached true and correct copies of relevant pages from Plaintiff's September 2023 credit disclosure labeled as Exhibit "D."

36. Despite Equifax receiving Plaintiff's First Dispute, Defendant *still* failed to report Plaintiff's Bankruptcy Case in the public records section of Plaintiff's credit report and *still* failed to report any of Plaintiff's Discharged Debts as included in—and discharged through—Plaintiff's Bankruptcy Case.

37. Instead, Defendant reported the Accounts with a status of "Unavailable"

and continued to report the Accounts with negative and derogatory payment history.

38. On or about October 11, 2023, Plaintiff sent *another* letter to Defendant, with the assistance of his attorney, *again* disputing Defendant's reporting of the Accounts and Equifax's failure to report Plaintiff's Bankruptcy Case (hereinafter, "Second Dispute"). Please see attached a true and correct copy of said Second Dispute labeled as Exhibit "E."

39. Plaintiff's Second Dispute again advised Defendant that he filed his Bankruptcy Case, listed the Accounts, and received a Discharge Order. *See* Ex. E.

40. Plaintiff's Second Dispute also provided Plaintiff's current address, date of birth, and last four (4) digits of his social security number, and enclosed a copy of the Discharge Order in support of his dispute. *Id*.

41. Based on such information, Plaintiff's Second Dispute provided sufficient information allowing Defendant to corroborate Plaintiff's identity and locate Plaintiff's credit file, advised that Plaintiff's Bankruptcy case should be reported in the public records section of Plaintiff's credit report and that Plaintiff's Discharged Debts (i.e., the Accounts) should be listed accordingly with a $0 balance due and marked as included in bankruptcy.

42. Defendant received Plaintiff's Second Dispute.

43. Defendant failed to contact the furnishers of the Accounts, failed to conduct an investigation, failed to correct the erroneous reporting on Plaintiff's credit report, and failed to provide Plaintiff with any results regarding Plaintiff's Second Dispute.

44. Instead, Defendant sent a letter to Plaintiff claiming that Equifax needed proof of Plaintiff's identity to identify his credit file.

45. Despite Plaintiff's Second Dispute, Defendant *still* failed to report Plaintiff's Bankruptcy Case in the public records section of Plaintiff's credit report and continued to fail to report any of Plaintiff's Discharged Debt as included in bankruptcy and instead reported the Accounts with a status of "Unavailable" and continued to report the Accounts with a negative and derogatory payment history.

46. On or about November 29, 2023, Plaintiff sent *another* letter to Defendant, with the assistance of his attorney, *again* disputing Defendant's reporting of the Accounts and Equifax's failure to report Plaintiff's Bankruptcy Case (hereinafter, "Third Dispute"). Please see attached a true and correct copy of said Third Dispute labeled as Exhibit "F."

47. Plaintiff's Third Dispute *again* advised Defendant that he filed his Bankruptcy Case, listed the Accounts, and received a Discharge Order. *See* Ex. F.

48. Plaintiff's Third Dispute also enclosed a copy of Plaintiff's social security card, a recent bank statement showing Plaintiff's current address, the Discharge Order in support of his dispute. *Id*.

49. Based on such information, Plaintiff's Third Dispute provided sufficient information allowing Defendant to corroborate Plaintiff's identity and locate Plaintiff's credit file, advised that Plaintiff's Bankruptcy case should be reported in the public records section of Plaintiff's credit report and that Plaintiff's Discharged Debts (i.e., the Accounts) should be listed accordingly with a $0 balance due and marked as

included in bankruptcy.

50. Defendant received Plaintiff's Third Dispute.

51. Defendant failed to contact the furnishers of the Accounts, failed to conduct an investigation, failed to correct the erroneous reporting on Plaintiff's credit report, and failed to provide Plaintiff with any results regarding Plaintiff's Third Dispute.

52. Despite Plaintiff's Third Dispute, Defendant *still* failed to report Plaintiff's Bankruptcy Case in the public records section of Plaintiff's credit report and continued to fail to report any of Plaintiff's Discharged Debt as included in bankruptcy and instead reported the Accounts with a status of "Unavailable" and continued to report the Accounts with a negative and derogatory payment history.

53. After the date of the Discharge Order was entered in Plaintiff's Bankruptcy Case, Defendant prepared and published Plaintiff's credit information to his current creditors and potential lenders which included the Accounts as charged-off, unpaid, or derogatory accounts with derogatory and negative payment history, and which failed to mark the Accounts as included in or discharged through Plaintiff's Bankruptcy Case, while also wholly failing to report Plaintiff's Bankruptcy Case.

## DAMAGES

54. As a result of Defendant's reporting of the Accounts, Plaintiff further dealt with the stress and anxiety of feeling hopeless, believing that he will be denied credit as a result of the erroneous and incorrect reporting of the Accounts if he needs to obtain credit in the near future, and that Plaintiff would either be denied credit or

pay higher interest rates in the event he could obtain financing. Overall, Plaintiff suffered damage to his credit reputation as a result of Defendant's conduct.

55. Plaintiff retained Swift Law PLLC for the purpose of pursuing this matter against Defendant, and Plaintiff is obligated to pay his attorneys a reasonable fee for their services.

56. Additionally, as a result of Defendant's actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion, believing that despite exhaustive efforts to remedy Defendant's reporting errors, Plaintiff must simply endure Defendant's inaccurate and unlawful reporting of the Accounts.

**COUNT ONE:**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681e(b)**

Plaintiff re-alleges paragraphs one (1) through fifty-six (56) as if fully restated herein and further states as follows:

57. Defendant is subject to, and violated the provisions of, 15 United States Code, Section 1681e(b), by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

58. Defendant willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports regarding the discharged Accounts.

59. More specifically, Defendant failed to report Plaintiff's Bankruptcy Case

in the public records section of his credit reports and credit file and failed to report any of Plaintiff's Discharged Debts as included in bankruptcy.

60. Instead, Defendant reported the Accounts with a status of "Unavailable" and continued to report the Accounts with negative and derogatory payment history.

61. Additionally, despite Plaintiff *repeatedly* advising Defendant that he had filed bankruptcy and had received a Discharge Order in his case and that the Accounts were listed in—and discharged through—Plaintiff's Bankruptcy Case and therefore should be reported as closed, discharged through bankruptcy, and with a $0 balance due or past-due, Defendant continued to prepare Plaintiff's credit reports with inaccurate and materially misleading information.

62. Following Plaintiff's repeated disputes, Defendant *still* failed to report Plaintiff's Bankruptcy Case in the public records section of Plaintiff's credit report and *still* failed to report any of Plaintiff's Discharged Debts as included in bankruptcy and instead reported the Accounts with a status of "Unavailable" and continued to report the Accounts with a negative and derogatory payment history.

63. Overall, Defendant maintained credit files concerning Plaintiff and published information regarding Plaintiff to third-parties which included Defendant's inaccurate reporting of the derogatory Accounts.

64. Defendant clearly failed to maintain procedures to maintain maximum possible accuracy. If Defendant maintained—and followed—such procedures, Defendant's reporting of the Accounts would accurately reflect being included in and discharged through Plaintiff's Bankruptcy Case.

65. Notably, Trans Union and Experian correctly reported Plaintiff's Bankruptcy Case and the Accounts after the Discharge Order was entered in Plaintiff's Bankruptcy Case.

66. Defendant's reporting of the Accounts was patently inaccurate and further evidences Defendant's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit file.

67. As a result of Defendant's conduct, actions, and inactions, Plaintiff suffered damage to his credit reputation and credit worthiness, was deterred from making credit applications as he believed he would not be able to obtain favorable credit terms as a result of Defendant's derogatory and continued reporting of the Accounts, did not wish to further damage his credit score with futile credit inquires, and he was continually evaluated for credit using consumer reports that reported the Accounts with a balance due and past-due.

68. Defendant's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

69. Defendant's violations of 15 United States Code Section 1681e(b), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n, or 1681o, or both.

## COUNT TWO:
## FAIR CREDIT REPORTING ACT –
## <u>VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i</u>

Plaintiff re-alleges paragraphs one (1) through fifty-six (56) as if fully restated herein and further states as follows:

70. Defendant is subject to, and violated the provisions of, 15 United States Code, Sections: 1681i(a)(1) by failing to conduct reasonable re-investigations of Plaintiff's disputes to determine whether the disputed information was inaccurate and by failing to subsequently update the inaccurate information in Plaintiff's credit reports and credit files; Section 1681i(a)(2) by failing to promptly notify the furnishers of the Accounts of each of Plaintiff's disputes; Section 1681i(a)(4) by failing to review and consider all relevant information received in Plaintiff's disputes, including all relevant attachments; Section 1681i(a)(5) failing to update or delete any information that was the subject of Plaintiff's disputes found to be inaccurate or that could not be verified; and Section 1681i(a)(6) by failing to provide Plaintiff with written notice of Defendant's re-investigation results following each of Plaintiff's disputes.

71. Specifically, Defendant willfully and/or negligently refused to properly re-investigate Plaintiff's consumer reports upon receiving Plaintiff's First Dispute, Second Dispute, and Third Dispute as described herein.

72. Following Plaintiff's First Dispute—which Defendant received— Plaintiff failed to correct the reporting of Plaintiff's Bankruptcy Case and Discharged Debt.

73. Defendant failed to communicate Plaintiff's First Dispute to the

15

furnishers of the Accounts and failed to conduct any investigations in response the First Dispute.

74. Following Plaintiff's Second Dispute—which Defendant received—Plaintiff did not receive any responses from Defendant.

75. Defendant failed to communicate Plaintiff's Second Dispute to the furnishers of the Accounts and failed to conduct any investigation in response the Second Dispute.

76. Following Plaintiff's Second Dispute, Defendant continued to fail to report Plaintiff's Bankruptcy Case in the public records section of Plaintiff's credit report and continued to fail to report any of Plaintiff's Discharged Debts as included in bankruptcy and instead reported the Accounts with a status of "Unavailable" and continued to report the Accounts with negative and derogatory payment history.

77. Following Plaintiff's Third Dispute—which Defendant received—Plaintiff did not receive any responses from Defendant.

78. Defendant failed to communicate Plaintiff's Third Dispute to the furnishers of the Accounts and failed to conduct any investigation in response the Second Dispute.

79. Following Plaintiff's Third Dispute, Defendant continued to fail to report Plaintiff's Bankruptcy Case in the public records section of Plaintiff's credit report and continued to fail to report any of Plaintiff's Discharged Debts as included in bankruptcy and instead reported the Accounts with a status of "Unavailable" and continued to report the Accounts with negative and derogatory payment history.

80. Overall, Plaintiff's First Dispute, Second Dispute, and Third Dispute each provided Defendant with sufficient information allowing Defendant to corroborate Plaintiff's identity, locate Plaintiff's credit file, identify Defendant's reporting errors with respect to the Accounts, and therefore, to correct its inaccurate reporting.

81. Defendant did not request any documents from the furnishers of the Accounts corroborating information furnished and verified by the furnishers of the Accounts to Defendant regarding Plaintiff's and the Accounts in response to his repeated disputes.

82. In fact, Defendant failed to promptly notify the furnishers of the Accounts regarding Plaintiff's First Dispute, Second Dispute, and Third Dispute.

83. Defendant did not independently access or obtain any public records regarding Plaintiffs' Bankruptcy Case other than those provided by Plaintiff with his repeated disputes.

84. Moreover, Defendant did not provide, and Plaintiff never received, results of Defendant's investigations or re-investigations in response to Plaintiff's First Dispute, Second Dispute, or Third Dispute.

85. As such, to the extent Defendant conducted any re-investigations in response to Plaintiff's repeated disputes, Defendant's re-investigations were not conducted in such a way as to assure whether information regarding Plaintiff and the Accounts was inaccurate and Defendant failed to subsequently update and remove the inaccurate information in Plaintiff's credit reports and credit files.

86. Such reporting is false and evidences Defendant's failure to conduct reasonable re-investigations of Plaintiff's repeated disputes.

87. Defendant's re-investigations of Plaintiff's disputes were not conducted using all information reasonably available to Defendant.

88. Defendant's failure to review and consider all information received in Plaintiff's disputes was done in bad faith.

89. Defendant's reinvestigations were *per se* deficient by reason of these failures in Defendant's reinvestigations of Plaintiff's disputes and the Accounts.

90. As a result of Defendant's conduct, actions, and inactions, Plaintiff suffered damage to his credit reputation and credit worthiness, was deterred from making credit applications as he believed he would not be able to obtain favorable credit terms as a result of Defendant's derogatory and continued reporting of the Accounts, did not wish to further damage his credit score with futile credit inquires, and he was continually evaluated for credit using consumer reports that reported the Accounts with a balance due and past-due.

91. Defendant's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

92. Defendant's actions in violation of 15 United States Code, Section 1681i, constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendant's conduct, Plaintiff respectfully requests an entry of:

    a.    Judgment against Defendant for maximum statutory damages for violations of the FCRA;

    b.    Actual damages in an amount to be determined at trial;

    c.    Compensatory damages in an amount to be determined at trial;

    d.    Punitive damages in an amount to be determined at trial;

    e.    An award of attorney's fees and costs; and

    f.    Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiffs hereby give notice to Defendant and demands that Defendant and its affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

                        Respectfully submitted,

                        **SWIFT LAW PLLC**

                        */s/ Aaron M. Swift*
                        **Aaron M. Swift, Esq., FBN 0093088**
                        Jordan T. Isringhaus, Esq., FBN 91487
                        Sean E. McEleney, Esq., FBN 0125561
                        8380 Bay Pines Blvd.
                        St. Petersburg, FL 3709

Phone: (727) 490-9919 Fax: (727) 255-5332
aswift@swift-law.com
jisringhaus@swift-law.com
smceleney@swift-law.com
jmurphy@swift-law.com
*Counsel for Plaintiff*